1    HONORABLE RONALD B. LEIGHTON

2

3

4

5

6

7                     UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
                              AT TACOMA
8

9    BRYAN SCHROTBERGER,                    CASE NO. C15-5949RBL

10                        Plaintiff,        ORDER

11          v.

12   GRAYS HARBOR COUNTY, GRAYS
     HARBOR SHERIFF'S DEPARTMENT
13   CORRECTIONS DIVISION, RICHARD
     SCOTT, JEFF BARBO, and ED
14   WALLMAN,

15                        Defendants.

16          THIS MATTER is before the Court on the Defendants' Motion for Summary Judgment

17   [Dkt. #18], Plaintiff's Motion to Amend Expert Disclosure [Dkt. #23], and Plaintiff's Motion for

18   Partial Summary Judgment Regarding Injury Causation and Medical Treatment and Bills [Dkt.

19   #24].  Having reviewed the materials for and against each motion, for the following reasons the

20   Court orders that the Motion for Summary Judgment [Dkt. #18] is **DENIED**; the Motion to File

21   Amended Expert Disclosure [Dkt. #23] is **GRANTED**; and the Motion for Partial Summary

22   Judgment [Dkt. #24] is **DENIED**.

23

24

1    MOTION FOR SUMMARY JUDGMENT [Dkt. #18]

2         As is so often true in an excessive force case, the answer is in the credibility of the

3    witnesses.  Credibility is never decided in a summary proceeding.  Here, there are genuine issues

4    of material fact concerning:  1) the administration of pepper spray without warning, 2) the firing

5    of a tazer in a corrections institution which may, or may not, be a violation of jail policy, and 3)

6    what amount of "hands on" force was used to control the plaintiff.  The stories told by the

7    officers and the prisoner are widely disparate.  In this setting, a motion for summary judgment is

8    dead on arrival.

9    MOTION TO FILE AMENDED EXPERT DISCLOSURE [Dkt. #23]

10        Plaintiff seeks to proffer an expert opinion by a treating physician who offers the

11   unremarkable observation that the displaced femoral neck fracture seen in x-rays and CT scan

12   performed on January 1, 2014 was suffered by the patient at a time close in proximity to the

13   report of pain and loss of function of his right hip.  The hip fracture could be consistent with

14   being thrown to the ground by guards at the jail on January 1, 2014.  This expert testimony may

15   not even be necessary to enlighten a reasonable jury.  Common sense sooner or later kicks in.

16        The defendants point to a beat down by a large inmate who "beat the crap" out of the

17   plaintiff near the time of the incident with the guards.  The source of the trauma is the vital

18   question as to causation of the injuries.  The treating physician is just the messenger of a

19   common sense discovery:  the plaintiff was injured soon before he was delivered to the

20   emergency room.

21        Defendants may, if they believe they must, take the deposition of Erin Kaweschi, DO at a

22   convenient time prior to trial.

23

24

ORDER - 2

<u>MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING INJURY
CAUSATION AND MEDICAL TREATMENTS AND BILLS</u> [Dkt. #24]

Effective December 1, 2015, new amendments to the Federal Rules of Civil Procedure (FRCP) came into force.  The rule changes are the product of five years of study and deliberation with the 2010 Duke Conference.  The symposium found that civil litigation has become too expensive, time-consuming, and contentious, thereby often inhibiting effective access to the Courts.  To address these problems, work began on procedural reforms that would, in part:  1) encourage greater cooperation among counsel; 2) focus discovery on what is truly necessary to resolve the case; and 3) engage judges in active case management.

The judges in the Western District of Washington have long believed that our enlightened and professional lawyers need no tutorial on the need for proportionality in all tactical and strategic decisions they make prior to and during the trial process.  A cost-benefit analysis is always a part of the calculus in every action and reaction by a trial lawyer and the trial judge. The first rule of trial work is cooperation as embodied in FRCP 1.  It directs that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the Court and the parties to secure the just, speedy, and expensive determinations of every action and proceeding."

To this end, the partial summary judgment motion is denied because there is a question of fact as to the causation of the injury.  But as to the reasonableness and necessity of the medical expenses, the parties will confer and stipulate to the reasonableness and necessity of all medical expenses.  From my perch, I can see no reason to doubt the authenticity and reasonableness of expenses incurred under the controlled circumstance wherein the medical treatment was administered.  If the parties cannot agree to the admissibility of the medical bills in the amount of $94,102.23 by March 20, 2017, the Court will schedule an in-person hearing prior to trial, wherein the Court will determine the admissibility issue and assess full costs against the party

responsible for the obstruction, regardless of whether the offending party prevails at trial on

liability.

### **CONCLUSION**

The Motion for Summary Judgment [Dkt. #18] is **DENIED**.  The Motion to File an

Amended Expert Disclosure [Dkt. #23] is **GRANTED**.  The Motion for Partial Summary

Judgment Regarding Injury Causation and Medical Treatment and Bills [Dkt. #24] is **DENIED**,

with instructions.

Dated this 23rd day of February, 2017.

Ronald B. Leighton
United States District Judge

ORDER - 4