HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRYAN SCHROTBERGER, | CASE NO. C15-5949-RBL |
| Plaintiff, | ORDER ON MOTIONS |
| v. | |
| GRAYS HARBOR COUNTY, et al. | DKT. #75, 77 |
| Defendants. | |

THIS MATTER is before the Court on Plaintiff Schrotberger's Motion for an Extension of Time [Dkt. #75] and his Motion for Reconsideration [Dkt. #77]. Schrotberger sued Defendants for their use of excessive force while he was detained at the Grays Harbor County Jail. A jury returned a verdict in Schrotberger's favor on May 10, 2017, and judgment was entered the next day. Thirty-two days later, Schrotberger moved for attorneys' fees and costs. The Court misread the motion's noting date and mistakenly thought Schrotberger had neglected to file a reply, and as such, had failed also to explain why his motion was untimely. The Court denied his motion:

> 1  The Motion was noted for June 23, and Schrotberger's Reply was due that day. He did
> not reply, or otherwise address any of the Defendants' arguments.
>
> Because the Motion was not timely filed, it is **DENIED**. Even if the Court considered the
> Motion as timely, based on some persuasive articulation of why it was not filed timely, the Court
> would be inclined to reduce the fees and costs awarded, for the reasons and in the amounts
> advocated by the Defendants.

*See* Dkt. #74 (Order on Motion for Fees) at 2.

Schrotberger post-hoc moved for an extension of time asking the Court to permit him to bring his already-late-filed motion for fees. His attorney argues she could not have brought his motion sooner because she and defense counsel were attempting to resolve the matter outside court. She also explains that her paralegal was out of town and she was busy with another case, so she overlooked the deadline to request fees. Defendants argue Schrotberger has failed to establish excusable neglect, and to allow him to move for fees so late would prejudice them because they missed the window to appeal.

The Court may extend a deadline "on a motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). When determining whether the party's neglect is "excusable," courts consider (1) the danger of prejudice to the opposing party, (2) the length of the delay, and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489 (1993).

The totality of these factors persuade the Court to grant Schrotberger's motion. While this delay was entirely in his control, any prejudice to the Defendants can be eliminated by the Court extending their time period to appeal for good cause under Federal Rule of Appellate Procedure

DKT. #75, 77 - 2

1  4(a)(5)(A)(ii); the delay did not affect the judicial proceedings, as they were already complete;
2  and Defendants concede Schrotberger acted in good faith. If defense counsel was collaborating
3  with Schrotberger's attorney to resolve the matter outside of court, as Schrotberger contends,
4  then defendants cannot be genuinely surprised that after negotiations failed, Schrotberger moved
5  for fees. Therefore, Schrotberger's Motion for an Extension of Time [Dkt. #75] is GRANTED.

6  Schrotberger also asks the Court to reconsider denying his motion for fees, now that he
7  has explained why his motion was untimely. The Court will not grant a motion for
8  reconsideration until it has allowed the non-moving party to file a response. *See* Local Rule CR
9  7(h)(3). The Court INVITES Defendants to respond to Schrotberger's motion for reconsideration
10 by Friday, August 4.

11  IT IS SO ORDERED.

12  Dated this 17th day of July, 2017.

Ronald B. Leighton
United States District Judge

DKT. #75, 77 - 3