UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRYAN SCHROTBERGER,

        Plaintiff,

v.

GRAYS HARBOR COUNTY,

        Defendant.

CASE NO. C15-5949RBL

ORDER ON MOTION FOR RECONSIDERATION ON FEES

THIS MATTER is before the Court on Plaintiff Schrotberger's Motion for Reconsideration [Dkt. #77] of the Court's Order [Dkt. #74] denying his Motion for Attorneys' Fees and Costs [Dkt. #70] following a $94,000 jury verdict in his favor.

Schrotberger seeks $89,201.50 in fees and $21,896.81 in costs. Grays Harbor opposes the Motion, arguing for a steep reduction in fees based primarily on Schrotberger's lack of success relative to the claims he asserted, and the amount he received from the jury versus the amount he sought (over $1 million). It also seeks a more modest reduction (~6400) based on fees Schrotberger claims for unsuccessful motion practice. Finally, Grays Harbor asks the Court to deny Schrotberger's cost request, a point that he appears to concede.

ORDER ON MOTION FOR RECONSIDERATION
ON FEES - 1

The first step in determining reasonable fees is to calculate the lodestar figure, by taking the number of hours reasonably expended on the litigation and multiplying it by the appropriate hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Court should exclude overstaffed, redundant, or unnecessary time. *Id.* at 434. The Court must also consider the extent of Plaintiffs' success, as that is a "crucial factor" in determining an appropriate award. *Id.* at 440.

After determining the lodestar figure, the Court should then determine whether to adjust the lodestar figure up or down, based on factors not subsumed in the lodestar figure. These factors[1] were adopted in this Circuit by *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975) *cert. denied*, 425 U.S. 951 (1976). The applicability of the sixth (whether the fee is fixed or contingent) and tenth (the "undesirability " of the case) *Kerr* factors is doubtful after *City of Burlington v. Dague*, 505 U.S. 557 (1992); *see also Davis v. City & County of San Francisco*, 976 F.2d 1536, 1549 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993)(fixed vs. contingent nature of fee is not to be considered). Additionally, numerous courts have subsequently held that the bulk of these factors are subsumed in the lodestar calculation. *See, for example, Blum v. Stenson*, 465 U.S. 886, 898-900 (1984).

---

[1] The *Kerr* factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976).

In any event, the lodestar calculation is presumptively reasonable, and adjustments (up are down) are appropriate only in rare and exceptional cases. *Id.*, *see also Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 728 (1987).

Grays Harbor concedes the reasonableness the rate sought by Schrotberger's attorneys, and disputes only the time he spent on unsuccessful motions. But it argues for a post-lodestar calculation to reduce the overall fee. It cites authority permitting a fee reduction to reflect a plaintiff's failure to prevail on most of his claims, or to reflect the fact he obtained far less than he sought. Both factors are present here, and indeed, Schrotberger recovered only the amount of his undisputed medical bills. Grays Harbor urges the Court to permit only a 1/6 recovery, reflecting that he prevailed against only one of two defendants, and on only one of three claimed uses of force (1/2 x 1/3 = 1/6). Alternatively, it points out that Schrotberger recovered only about 1/10 of what he sought from the jury, and what he did get reflected "to the penny" his (stipulated) medical expenses.

The Court is not willing to rigidly apply this sort of math[2], though it agrees that a substantial reduction is warranted in this case. The Court will reduce plaintiff Schrotberger's $89,200 requested fee by the $6400 spent on unsuccessful motions. It will then reduce that

//

//

//

//

---

[2] If a § 1983 plaintiff sought $3 million for a proven constitutional violation and the jury awarded $2 million, it is not likely that the court would reflexively reduce an otherwise reasonable fee request by 33% on that basis. Indeed, it routinely awards at least some attorneys' fees in constitutional cases even where the jury awards only nominal damages.

amount by 50% for the reasons articulated in Grays Harbor's response, and discussed above. That totals $41,400. The Court will also award $5753.18 in costs.

IT IS SO ORDERED.

Dated this 22nd day of September, 2017.

_Ronald B. Leighton_
Ronald B. Leighton
United States District Judge